IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH SERIAN, )
)
      Plaintiff, )
)
v. )
) No. 1:08CV74
) (Other Civil Action)
PENGUIN GROUP (USA), INC., LARRY )
JACKSON KOLB, JOHN DOES 1-10, )
) Chief Judge Irene M. Keeley
)
      Defendants. ) Electronically Filed
)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### I.    INTRODUCTION

This is a civil action brought by Joseph Serian ("Serian") against Penguin Group (USA), Inc. ("Penguin") and Larry Kolb ("Kolb"), for alleged defamation by Penguin's publication of Kolb's book *America at Night: The True Story of Two Rogue CIA Operatives, Homeland Security Failures, Dirty Money, and a Plot to Steal the 2004 U.S. Presidential Election - by the Former Intelligence Agent Who Foiled the Plan* ("*America at Night*"). Serian's Complaint originally included three Counts and three Plaintiffs. By Order dated June 20, 2008 ("Order") this Court dismissed Counts One and Three in their entirety, and dismissed purported Plaintiffs Robert Sensi and Wayne Jackson from the remaining claim of defamation. The only remaining Count is Serian's claim for defamation, contained in Count Two.

Defendants move for dismissal of this action with prejudice because Serian cannot maintain a successful defamation claim as a matter of law.

## II.   STATEMENT OF THE ISSUE

Serian alleges in Count Two of his Complaint that he was defamed by *America at Night*, authored by Kolb. This Court in its June 20, 2008 Order identified three (3) statements that could theoretically be capable of a defamatory meaning: references to Serian as "very bright and very crazy and a glib liar," "a bad businessman" and "a crook." See Order at 6-7.[1] For the reasons which follow, Serian's defamation claim must be dismissed.

As this Court noted in its June 20, 2008 Order, Serian's serial criminal prosecutions and business problems have long been matters of public record. *See United States v. Serian*, 895 F.2d 432 (8th Cir. 1990) (affirming defendant Serian's criminal convictions for mail, wire, and financial institution fraud in operating a mail order contact lens business as well as affirming the admission of Serian's prior business problems in West Virginia and Ohio into evidence at trial); *see also United States v. Seriani*, 129 F.3d 118 (table), 1997 WL 701411 (4th Cir. 1997) (unpublished) (affirming Seriani's [Serian's] criminal conviction for obstruction of justice and attempting to secure the premature release of three federal prisoners by sending false letters to two United States District Judges and one United States Attorney).[2]

## III.   ARGUMENT

In *Jarmuth v. Frinzi*, 2006 WL 4730263 (N.D.W.Va. 2006) this Honorable Court recognized that the essential elements of a successful defamation action by a private individual are: (a) defamatory statements; (b) a non-privileged communication to a third party [the publication requirement]; (c) falsity; (d) reference to the plaintiff; (e) at least negligence on the part of the publisher; and (f) resulting injury. Syl. Pt. 1, *Crump v. Beckley Newspapers, Inc.*, 173

---

[1] Defendants presume that Serian does not protest being labeled "very bright."

[2] As this Court noted in its June 20, 2008 Order, "Serian" and "Seriani," in this context, are the same person.

W.Va. 699, 320 S.E.2d 70, 77 (1983). "A statement may be defined as defamatory if it tends to so harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Crump,* 320 S.E.2d at 77 (quoting Restatement (Second) of Torts § 558 (1977) (internal quotations omitted)).

Initially, it must be decided, as a matter of law, whether the alleged defamatory statements are capable of a defamatory meaning, and whether these statements can support a defamation action. See *Long v. Egnor,* 176 W.Va. 628, 346 S.E.2d 778, 780 (1986); *see also Hupp v. Sasser,* 200 W.Va. 791, 490 S.E.2d 880, 885 (1997). "Courts assess the meaning of an allegedly libelous statement from the perspective of a reasonable reader.' Further, '[i]n assessing a communication, words are to be taken in context.'" *Jarmuth v. Frinzi,* 2006 WL 473 0263 (N.D.W.Va. 2006) (*citing Bell v. National Republican Congressional Committee,* 187 F.Supp.2d 605, 615-616 (S.D.W.Va. 2002)).

Serian cannot sustain his defamation claim because the identified statements about Serian in *America at Night* are conclusively true, or are opinions that are not actionable under West Virginia law.

    **A.**    **The Statements In *America at Night* That Serian Was A Liar, A Bad Businessman, And A Crook Are True.**

The West Virginia Constitution provides for truth as a defense to a claim for libel. W.Va. Const. art. III, § 8. "[T]ruth is an absolute defense to an allegation of defamation." *Hupp,* 490 S.E.2d at 885. *See also Crump,* 320 S.E.2d at 79. Further, in *State ex rel. Suriano v. Gaughan,* 198 W.Va. 339, 480 S.E.2d 548 (1996), the court held that "a statement is not considered false unless it would have a different effect on the mind of the reader from that which the pleaded truth would have produced." Additionally, dictum in the majority opinion in *Crump* states that a

3

private figure plaintiff has the burden of proving falsity. *Greenfield v. Schmidt Baking Company*, 199 W. Va. 447, 485 S.E.2d 391 (1997).

Because the challenged statements are not false, Serian's claim must be dismissed. That Serian is, in the vernacular, a "crook," "bad businessman," and a "liar" has been conclusively established, beyond a reasonable doubt and as a matter of law.

In 1990, the Eighth Circuit affirmed Serian's criminal convictions in the Eastern District of Missouri for mail, wire, financial institution fraud, and delivery of misbranded devices. The Eighth Circuit also affirmed the trial court's admission of Serian's other similar schemes to defraud in West Virginia, Ohio and Missouri. *U.S. v. Serian*, 895 F.2d 432 (8th Cir. 1990). In 1997, the Fourth Circuit affirmed Serian's conviction of three counts of obstruction of justice and one count of conspiracy for attempting to obtain the premature release of three federal prisoners by sending false letters to two United States District Judges and one United States Attorney. 129 F.3d 118 (4th Cir. 1997) (unpublished), [1996 WL 701411].[3]

This Court acknowledged in its June 20, 2008 Order that Serian's convictions were matters of public record long before *America at Night* was published. Order at 7. Serian's IFP Application in this case is also a matter of public record. Moreover, the Fourth Circuit upheld the District Courts conclusion "that the government proved, by a preponderance of the evidence that Serian intentionally lied at trial".

On January 31, 2008, in addition to his Complaint, Serian filed an "Application to Proceed Without Prepayment of Fees and Affidavit" ("IFP Application"), listing an average

---

[3] Serian was later found guilty of violating his bond, and separately sentenced to twelve (12) months imprisonment. *U.S. v. Serian*, 00:00-tp-06020-WPF-1 (S.D. FL 2000), *aff'd*, No. 01-12202 (11th Cir. 2002). His probation was revoked by the same court a year later, No. 0:99-tp-06030-WPD-1 (S.D. FL) *aff'd*, No. 01-12201 (11th Cir. 2002). Case history on those matters is a public record accessible via PACER.

4

monthly income of $700.00 and average monthly expenses of $850.00. Serian's own IFP filing in this case is, therefore, a judicial admission that he is insolvent. Order at 8-9.

In *Serian v. State of West Virginia, Ex. rel., West Virginia State Board of Optometry*, 171 W. Va. 114, 297 S.E. 2d 889 (1982), the Supreme Court of Appeals affirmed the revocation of Serian's optometrist license for running an optometry practice using unlicensed practitioners. The Court noted that the Board of Optometry specifically found that Serian engaged in a plan of "false and deceptive advertising" and had pocketed nearly $300,000 from customers who ordered products he had never provided. 297 S.E. 2d at 891, n.1. In 2006, the State Board of Optometry sought an injunction to stop Serian's deceptively engaging in the practice of optometry, and to stop him from deceiving the public. Serian agreed to a consent order making the Court's preliminary injunction permanent. *See West Virginia Board of Optometry v. Serian*, 06-CV-433 (Harrison Cty W.Va. 2006) (key pleadings and orders attached hereto as Exhibit A to this memorandum).

Statements that Serian is a "liar," "bad businessman," and "crook" are true as a matter of fact and as a matter of law. First, as to a statement that Serian is a "liar," Serian's convictions for obstruction of justice in the Eastern District of Virginia were predicated upon the "materially and substantially" false representation contained within the letters that he sent to two United States District Judges and a United States Attorney. In these letters, Serian *lied* about his Habitat for Humanity position and *lied* about its alleged "work release" program and selection process. 1997 WL 701411 at *3.

Serian's convictions for mail fraud, wire fraud, and financial institution fraud and his conviction for delivery of misbranded devices in the Eastern District of Missouri were based upon Serian's *lies* to consumers in the operation of his mail order contact lens business. *U.S. v.*

5

*Serian*, 895 F.2d at 435. Those findings of intentional lies by Serian were necessary elements of each of the crimes charged, and of which he was convicted. His mail, wire, and financial institution fraud convictions each required finding that he attempted to obtain money or property "by means of *false* or *fraudulent* pretenses, representations, or promises." 18 U.S.C. §§ 1341, 1343, and 1344(a)(2) (emphasis added). Two different federal juries found that Serian lied, beyond a reasonable doubt, and those convictions, based on Serian being a "liar," were affirmed by the respective courts of appeal. They are final judgments, and those determinations are a matter of public judicial record.[4]

These final criminal judgments are binding on Serian as a matter of law as "[t]he doctrine of collateral estoppel may apply to issues litigated in a criminal case which a party seeks to relitigate in a subsequent civil proceeding." *U.S. v. Wight*, 839 F.2d 193, 196 (4th Cir. 1987). There are five elements for collateral estoppel: (a) the issue sought to be precluded is identical to the one previously litigated; (b) the issue was actually determined in the prior proceeding; (c) the issue's determination was a critical and necessary part of the prior proceeding; (d) the prior judgment is final and valid; and (e) the party against whom collateral estoppel is asserted had a fair opportunity to litigate the issue in the prior proceeding. *See Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006) (discussing the elements of the collateral estoppel doctrine). Each of these elements is satisfied here. Serian was convicted for being a "liar," and

---

[4] This Court should, of course, take judicial notice of the cited opinions, reflecting final judgments in Serian's criminal cases. *See Transmission Agency of N. Cal. v. Sierra Pac. Power Co.*, 295 F.3d 918, 924 n.2 (9th Cir. 2002) (judicial notice of published adjudicative opinion). Evidence of Serian's prior criminal convictions is, of course, admissible under F.R.E. 803(22), in that the convictions were entered after trials on the merits, and in each case, the crimes charged were punishable by imprisonment in excess of one (1) year. Finally, this Court may consider such matters in deciding a motion to dismiss. *See Secretary of State for Defense v. Trimble Navigation Limited*, 434 F.3d 700 (4th Cir. 2007); *See also, Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) (same). Also annexed hereto, as Exhibit B, is a true and correct copy of one certified conviction papers from Serian's conviction in the Eastern District of Virginia. The original of such documents is in the custody of undersigned counsel. Counsel has been advised that the original docket records of Serian's conviction in the Eastern District of Missouri are not currently available.

6

his convictions were affirmed. In each of those proceedings, Serian had a full and fair opportunity to litigate the issues relative to his willful failures to tell the truth. The opinions of the Fourth and Eighth Circuit clearly demonstrate that he actually did litigate the issues. The fact that Serian "lied" was the element central of the crimes charged in those cases, and establishes the truth of the statements alleged in this case. In this Court, Serian is bound by the conclusion that he is, in fact and law, a "liar". *See* 18 Moore's Federal Practice, §132.02 [4][d][ii], n.131-133 (pp. 132-57) (3d. ed. 2008) (doctrine of issue preclusion bars plaintiff's relitigation of facts found in criminal proceeding in subsequent civil action; application to fraud conviction). In addition, the fact that Serian was recently found to engage in serial, material deceptions of the public has been established by the consent order he agreed to in Harrison County in the suit filed in 2006 by the State Optometry Board. In short, Mr. Serian has been found by our State and Federal courts to be a "liar".

As to the statement that Serian is a "crook," it is well documented that Serian was convicted of mail fraud, wire fraud, financial institution fraud, misbranding of medical devices, obstruction of justice and conspiracy. A "crook" is "a person who engages in fraudulent or criminal practices." Merriam-Webster Dictionary (Revised ed. 2004). Two juries decided, beyond a reasonable doubt, and two appellate courts affirmed, that Serian did indeed engage in the fraudulent and criminal practices listed above. Any reference to Serian as a "crook" is therefore true as a matter of law, and cannot serve as a basis for a defamation claim. *See Antonelli v. Field Enterprises, Inc.*, 450 N.E. 2d 876 (Ill. App. 1st Dist. 1983) (calling plaintiff "mobster" true in light of prior criminal conviction).

As to the statement that Serian is a "bad businessman," evidence was admitted during Serian's 1989 criminal trial about his prior fraudulent business dealings, specifically his "motive,

7

plan or intent to scheme" against and to defraud his customers, e.g., his "bad" business practices, U.S. v. Serian, 895 F.2d at 434-35. This evidence included his repeated material misrepresentations to customers about the type of products that his company, USA Lens, would provide; when the orders would be shipped to customers; and when customer refunds would be made. *Id.*. This Court acknowledged in its June 20, 2008 Order that Serian's business problems, and the fraudulent manner in which he conducted his business, were matters of public record long before *America at Night* was published. Order at p. 7. Each of Serian's criminal convictions was premised on findings that fraud was an essential element of the way in which he did business. In the proceeding in which Serian's West Virginia optometry license was revoked for his allowing a non-licensed employee to examine patients, the State board noted that he had also bilked patients of hundreds of thousands of dollars for services never provided. (Exhibit A) Defendants submit that such outright fraud as a course of business dealings is the *sine qua non* of being a "bad" businessman.

Additionally, as evidenced by Serian's IFP Application in this case, Serian cannot manage his own resources. Serian's stated monthly expenses of $850.00 exceed his stated monthly income of $700, and his only assets are a BB&T checking account containing $150.00 and a 2000 Cadillac Seville. Order at pp.8-9. Serian's IFP Application on its face demonstrates that to the extent he is now in business, he is, and has been, profoundly unsuccessful, e.g. "bad." *See* 18 Moore's Federal Practice §134.30, n.1 (pp. 134-64) (3d. ed. 2008) (doctrine of judicial estoppel precludes assertion of inconsistent positions in litigation).

Serian cannot support a defamation claim based on the statements that he is a "liar," a "bad businessman," or a "crook" because these statements are admittedly and conclusively true and therefore negate a defamation claim.

8

### B.  Statements That Serian Is "Very Crazy," "Liar," "Crook" Or a "Bad Businessman" are Non-Actionable Opinions.

Alternatively, the purportedly offending statements are non-actionable opinions, which are incapable of supporting a defamation claim. Again, the initial determination of whether a communication is actionable at all is a question of law for the court to decide. *Hupp v. Sasser*, 490 S.E.2d at 885 (1997). The expression of an opinion, without more, is simply not an actionable defamatory statement. *Id.* An opinion can only be considered to be defamatory if it implies the allegation of undisclosed defamatory facts as its basis. "A statement of opinion which does not contain a provably false assertion of fact is entitled to full constitutional protection." *Maynard v. Daily Gazette, Co.*, 191 W.Va. 601, 447 S.E.2d 293, 299 (1994).[5]

Statements that Serian is "very crazy," a "liar," a "crook" or a "bad businessman" fall squarely within the category of protected speech under *Maynard. See* 447 S.E.2d at 294. These opinions are not provably false, because they are totally subjective. *See Potomac Valve & Fitting Inc. v. Crawford Fitting Co.*, 829 F.2d 1280, 1289 (4th Cir.1987) (explaining initial test of actionable nature of a statement, for defamation purposes, as requiring conclusion that "truth or falsity of the statement does not depend upon subjective values or indefinite terms").

Name calling, epithets, and abusive language, no matter how vulgar or offensive, are not actionable. *Hupp v. Sasser*, 490 S.E.2d at 887 (1997) *citing* Rodney A. Smolla, *Law of Defamation* § 6.12[10] (1996). For instance, the threshold of what constitutes "crazy" to one would necessarily not be the same for another individual, Id. ("bullyism" totally subjective, devoid of provably false assertion). *See also Greenbelt Coop. Publishing Co. v. Bressler*, 398 U.S. 6, 14 (1970) (allegation of "blackmail" non-actionable rhetorical hyperbole); *Lieberman v. Fieger*, 338 F.3d 1076, 1081 (9th Cir. 2003) (attorney's comments that psychiatrist was "Looney

---

[5] For the reasons noted above, any assertion of fact underlying the statements here is conclusively true

9

Tunes," "crazy," "nuts," and "unbalanced" protected under the First Amendment as statements of opinion); *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 914 (5th Cir. 2000) (statement that former employee was "insane, delusional, and irrational" not actionable slander); *Ceravolo v. Brown*, 364 So. 2d 1155 (Ala. 1978) ("crook" not actionable absent allegations of special damages); *See Waymire v. DeHaven*, 313 Ark. 687, 858, S.W. 2d 69 (1993) ("crook" is term of general disparagement, not allegation of specific criminal conduct); *Weyrich v. The New Republic, Inc.*, 235 F.3d 617, 624 (D.C. Cir. 2001) (stating that the clinical term "paranoia" has taken on the less-than-definitive popular meaning, as have "crazy" and "nutty"); *Wood v. DelGiorno*, 979 So. 2d 95 (La. App. 4th Cir. 2007), *cert. filed*, 77 U.S.L.W. 3001 (6/11/08) (calling talk show guest a "liar," "idiot" and a "fraud" non-actionable opinion and hyperbole); *Shepard v. Courtise*, 115 F.Supp. 2d 1142 (E.D. Mo. 2000) ("liar" and "blackmail" are non-actionable opinion); *Cummings v. Kirby*, 216 Neb. 314, 343 N.W. 2d 747 (1984) ("crook" non-actionable term of general disparagement); *Hruby v. Kalina*, 228 Neb. 713, 424 N.W. 2d 130 (1988) ("crooked," while derogatory, is non-actionable epithet); *Williams v. Rutherford Freight Lines, Inc.*, 10 N.C. App. 384, 179 S.E. 2d 319 (1971) ("gangster" is non-actionable name calling, not actionable defamation); *Moore v. Waldrop*, 166 S.W. 3d 380 (Tex. App. 2005) ("crooked," while derogatory, is non-actionable epithet); *Shaw v. Palmer*, 197 S.W.3d 854, 857 (Tex.App.-Dallas 2006) (stating that the term "crazy" does not, in its common usage, convey a verifiable fact, but is by its nature indefinite and ambiguous and its use was an expression of opinion, not a statement of fact); *See Henry v. National Association of Air Traffic Specialists, Inc.*, 836 F. Supp 1204 (D. Md. 1993) (loose, figurative or hyperbolic language not actionable) (citing to *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 21 (1990)). Thus, each of the challenged statements are of the kind and character that courts have repeatedly found to be non-actionable

opinion or generalized epithet, and cannot support Serian's defamation claim. *See Maynard*, 447 S.E. 2d at 299.

## IV. CONCLUSION

This Court identified three (3) published statements that could theoretically support a defamation claim by Serian. As a matter of law, they do not, and cannot, carry the day for him. First, the statements that Serian was a "liar," a "bad businessman," and a "crook" are true. Alternatively, these statements are non-actionable opinions and are incapable of a defamatory meaning. For these reasons, Defendants respectfully request this Court dismiss Serian's Complaint, with prejudice.

Respectfully submitted,

/s/ Mark R. Hornak
Mark R. Hornak, Esq. (WV Bar# 1789)
BUCHANAN INGERSOLL & ROONEY LLP
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh PA 15219-1410
mark.hornak@bipc.com

/s/ Kathleen Jones Goldman
Kathleen Jones Goldman (WV Bar# 6917)
BUCHANAN INGERSOLL & ROONEY LLP
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh PA 15219-1410
kathleen.goldman@bipc.com

/s/ Frank E. Simmerman, Jr.
Frank E. Simmerman, Jr. (WV Bar # 3403)
SIMMERMAN LAW OFFICE, PLLC
254 East Main Street
Clarksburg, West Virginia 26301
Phone No. (304) 623-4900
Fax No. (304) 623-4906
fes@simmermanlaw.net

Attorneys for Defendants

DATED: September 5, 2008

Case 1:08-cv-00074-IMK   Document 19   Filed 09/05/08   Page 12 of 14   PageID #: 126

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOSEPH SERIAN,**

    **Plaintiff,**

v.                                  Civil Action No. 1:08CV74
                                      (Other Civil Action)
                                      Chief Judge Irene M. Keeley

**PENGUIN GROUP (USA), INC.,
LARRY JACKSON KOLB,
JOHN DOES 1-10,**

    **Defendants.**

---

### CERTIFICATE OF SERVICE

---

The undersigned does hereby certify that he served a true copy of **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** and **DEFENDANTS' MOTION TO DISMISS**, by placing a true copy of the same in the United States Mail, first class, postage prepaid, on the 5th day of September, 2008, upon the following:

                               Joseph Serian
                               69 Walnut St., Apt. B
                               Shinnston, WV 26431

                                        /s/ Mark R. Hornak
                                        Mark R. Hornak, Esq. (WV Bar# 1789)
                                        BUCHANAN INGERSOLL & ROONEY LLP
                                        One Oxford Centre
                                        301 Grant Street, 20th Floor
                                        Pittsburgh PA 15219-1410
                                        mark.hornak@bipc.com

/s/ Kathleen Jones Goldman
Kathleen Jones Goldman (WV Bar# 6917)
BUCHANAN INGERSOLL & ROONEY LLP
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh PA 15219-1410
kathleen.goldman@bipc.com


/s/ Frank E. Simmerman, Jr.
Frank E. Simmerman, Jr. (WV Bar # 3403)
SIMMERMAN LAW OFFICE, PLLC
254 East Main Street
Clarksburg, West Virginia 26301
Phone No. (304) 623-4900
Fax No. (304) 623-4906
fes@simmermanlaw.net
Attorneys for Defendants

#4399886-v1